UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Maria I.W., | Case No. 24-cv-213 (ECT/DTS) |
| Plaintiff, | |
| | **SEALED REPORT & RECOMMENDATION** |
| v. | |
| Merrick Garland, *Attorney General*, et al., | |
| Defendant. | |

## INTRODUCTION

Maria I.W. has been in pre-removal proceedings for eight months. She filed this habeas petition seeking an individualized bond hearing or, in the alternative, immediate release from custody, asserting that her prolonged detention is unconstitutional. For the reasons stated below, the Court recommends that her petition be granted in part and denied in part and that a bond hearing be held no later than May 31, 2024 to determine whether continued detention is necessary based on an individualized determination that she is a flight risk or a danger to the community.

## FINDINGS OF FACT

Maria I.W. is a citizen of Mexico. Dkt. No. 1 at 8. She was admitted to the United States on June 1, 2005 as the non-immigrant spouse of a U.S. citizen. Dkt. No. 5 ¶ 5. On May 3, 2017, United States Citizenship and Immigration Services (USCIS) approved Maria I.W.'s VAWA petition and reclassified her as the spouse of an abusive U.S. citizen pending lawful permanent resident status. *Id.* USCIS approved Maria I.W.'s I-485 application on March 28, 2018 and declared her a lawful permanent resident. *Id.*

On December 22, 2021, Maria I.W. was detained by U.S. Border Patrol in Uvalde, Texas while attempting to smuggle her son into the United States. *Id.* at 16. She pleaded guilty to conspiracy to transport illegal aliens in violation of 8 U.S.C. § 1324 and was sentenced to 10 months imprisonment. *Id.* at 1-2. She served her sentence at the Federal Correctional Institution in Waseca, Minnesota. *See* Dkt. No. 5 ¶ 8.

On August 1, 2023, Maria I.W. was released from the custody of the Bureau of Prisons and placed in mandatory immigration custody pursuant to 8 U.S.C. § 1226(c). Dkt. No. 1 at 2. She was served with a Notice to Appear on August 2, 2023, charging her with removability pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), as a noncitizen convicted of an aggravated felony, as defined by 8 U.S.C. § 1101(a)(43)(N) (related to alien smuggling). Dkt. Nos. 5 ¶ 9, 5-3. Maria I.W. filed a motion to terminate her immigration proceedings, which Immigration Judge (IJ) Sarah Mazzie denied on October 24, 2023. Dkt. No. 5-4. Maria I.W. also argued she should not be subject to mandatory detention during removal proceedings, given the exception in § 1101(a)(43)(N) for attempting to smuggle an alien's child into the United States. However, IJ Mazzie concluded that Maria I.W.'s son, aged 24 at the time, was not a "child" as defined by the INA. *See* § 1101(b)(1).

On November 9, 2023, IJ Mazzie ordered Maria I.W. removed to Mexico. Dkt. No. 5-5. Maria I.W. appealed the IJ's decision to the Board of Immigration Appeals (BIA). Dkt. No. 5-6. Maria I.W. requested one briefing extension with the BIA, which was granted. Dkt. No. 5 ¶ 13. The case has been full briefed and awaits a decision.

## CONCLUSIONS OF LAW

Detention during removal proceedings is mandatory for certain aliens who have committed specified crimes. 8 U.S.C. § 1226(c). Unlike non-criminal aliens, individuals detained pursuant to § 1226(c) may not be released, except in narrow circumstances that IJ Mazzie has determined are inapplicable here. *See id.* § 1226(c)(2); Dkt. No. 5-4. This Court does not have jurisdiction to decide whether Maria I.W. is removable under 8 U.S.C. § 1227(a)(2); nor does it have jurisdiction to review the Attorney General's decision to detain her during his removal proceedings. *See* § 1226(e). However, on habeas review under 28 U.S.C. § 2241, the Court has jurisdiction to decide whether an alien's prolonged detention during removal proceedings violates the due process clause of the Fifth Amendment to the U.S. Constitution. *See Bah v. Cangemi*, 489 F.Supp.2d 905, 914 n.9 (D. Minn. 2007).

Maria I.W.'s appeal to the BIA is pending and thus her detention is governed by § 1226(c). Before a removal order is administratively final, "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 526 (2003). The Supreme Court in *Demore* emphasized the brief and limited time period of pre-removal-order detention under § 1226(c):

> In sum, the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal.

*Id.* at 530; *see also Omar M. v. Barr*, No. 18-cv-2646, 2019 WL 2755937, at *1 (D. Minn. July 2, 2019) ("[T]he Supreme Court limited its *Demore* holding to a brief period of detention under § 1226(c)."); *Mohamed v. Sec'y, Dep't of Homeland Sec.*, 376 F.Supp.3d

3

950, 956 (D. Minn. 2018) ("The cases applying *Demore* have focused on the critical assumption that detention under § 1226(c) would typically be brief to find that prolonged detention—whether or not indefinite—was unconstitutional."); *Bah*, 489 F.Supp.2d at 919 (noting "*Demore's* repeated references to the brief and finite duration of § 1226 detention").

Courts in this District have concluded that due process challenges to the length of detention under § 1226(c) must be resolved by examining the facts of the case to determine whether the detention is reasonable. *See, e.g., Muse v. Sessions*, 409 F.Supp.3d 707, 715 (D. Minn. 2018) (citing cases). The Court considers several factors to determine when continued detention becomes unreasonable and thus unconstitutional unless a bond hearing is held to consider whether the alien is a danger to the community or likely to flee. *Id.* These factors include: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the Government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Id.*

First, the Court considers the length of detention, which is "critical to the due-process inquiry." *Id.* at 716. Maria I.W. has been detained for eight months. Detentions of eight months have been found unreasonable under the Due Process Clause. *See id.* (citing *Sajous v. Decker*, No. 18-cv-2447, 2018 WL 2357266, at *1, *7 (S.D.N.Y. May 23, 2018); *Gordon v. Shanahan*, No. 15-cv-261, 2015 WL 1176706, *3-4 (S.D.N.Y. March 13, 2015)); *Daciann D. B. v. Immigr. Custody Enf't*, No. 23-cv-1338, 2023 WL 8378858, at *2 (D. Minn. Oct. 31, 2023), r*eport and recommendation adopted*, 2023

WL 7489997 (D. Minn. Nov. 13, 2023). Therefore, the length of Maria I.W.'s detention favors granting her a bond hearing.

Second, the Court considers how long the detention is likely to continue in the absence of judicial relief, taking into account the "anticipated duration of all removal proceedings, including administrative and judicial appeals." *Muse*, 409 F.Supp.3d at 716-17. Maria I.W. filed her appeal to the BIA on December 13, 2023 and is still awaiting a decision. Dkt. No. 5 ¶ 12. Defendants forecasted on February 20, 2024 that the decision may take "months" to arrive. Dkt. No. 4 at 22. Moreover, if Maria I.W prevails on the appeal, she will still be subject to a deferred order of removal; and if ICE prevails, Maria I.W. may seek review by the Eighth Circuit Court of Appeals. *See Pedro O. v. Garland*, 543 F. Supp. 3d 733, 739 (D. Minn. 2021). "Either way, some indeterminate period of future detention seems likely." *Id.* Although the likely duration of future detention is not possible to discern under these circumstances, the factor "at least slightly favors relief." *Id.*

Third, the Court considers the conditions of detention. *Muse*, 409 F. Supp. 3d at 717. Maria I.W. is detained at the Kandiyohi County Jail, which is "not meaningfully different from a penal institution for criminal detention." *Ararso U.M. v. Barr*, No. 19-cv-3046, 2020 WL 1452480, at *4 (D. Minn. Mar. 10, 2020), r*eport and recommendation adopted*, 2020 WL 1445810 (D. Minn. Mar. 25, 2020) (citing cases). The Government agrees that Maria I.W. is detained in a criminal correctional facility. Dkt. No. 4 at 22. "The more that the conditions under which the alien is being held resemble penal confinement, the stronger [her] argument that [s]he is entitled to a bond hearing." *Jamal A. v. Whitaker*,

358 F.Supp.3d 853, 860 (D. Minn. 2019) (quoting *Muse*, 409 F. Supp. 3d at 717). This factor supports Maria I.W.'s petition.

Fourth, the Court considers the nature and extent of any delays in the removal proceedings caused by the detainee. *Muse*, 409 F. Supp. 3d at 717. "[T]his factor is meant to get at deportable criminal aliens raising frivolous objections and stringing out the proceedings in the hope that the Court will find the delay unreasonable and order their release." *Ararso U.M.*, 2020 WL 1452480, at *4 (citations omitted). Maria I.W. requested one extension during the removal proceedings, but it appears it was a routine and valid request. *See* Dkt. No. 5 ¶ 13. That is not the type of delay contemplated by this analysis. *See Tua Mene Lebie B. v. Barr,* No. 19-CV-2177, 2019 WL 5715703, at *5 (D. Minn. Nov. 5, 2019) (finding factor four still weighing in petitioner's favor, despite a three-week extension). Rather, this factor weighs in Maria I.W.'s favor because she has not engaged in dilatory tactics.

Fifth, the Court considers the nature and extent of any delays in the removal proceedings caused by the Government. *Muse,* 409 F. Supp. 3d at 717. This factor favors the Government because it has not engaged in dilatory tactics.

Sixth, the Court considers the likelihood that the removal proceedings will result in a final removal order. *Id.* at 718. "Courts in this District are disinclined to conduct an in-depth analysis of this factor, as doing so would require the Court to weigh the merits of IJ decisions and the parties' appeals which it does not have a sufficient basis to do." A*bshir H.A. v. Barr*, No. 19-1033, 2019 WL 3719414, at *2 (D. Minn. Aug. 7, 2019); *Bolus A. D. v. Sec'y of Homeland Sec.*, 376 F. Supp. 3d 959, 962 (D. Minn. 2019) ("[T]his Court is not in the position to weigh the merits of either the government's grounds for removal or B.D.'s

6

appeal."). In the circumstances here, this factor is neutral because the Court is not in a position to weigh the merits of either the Government's grounds for removal or Maria I.W.'s appeal.

Weighing the above factors favors granting relief to Maria I.W. The Court thus finds that continuing to detain her without a bond hearing violates her rights under the Due Process Clause of the Fifth Amendment.

Finally, the Court recommends that ICE bear the burden of justifying Maria I.W.'s continued detention by clear and convincing evidence. "[Section] 1226(c) is silent about which party bears the burden of proof at a criminal noncitizen detainee's bond hearing, observing that neither the Supreme Court nor the Eighth Circuit have directly addressed this issue." *Zackaria D. M. v. Garland,* No. 21-CV-2629, 2022 WL 16541084 (D. Minn. Oct. 28, 2022), *appeal dismissed sub nom. Mohamed v. Garland*, 2023 WL 4344604 (8th Cir. Mar. 20, 2023) (citing cases). Courts determining the appropriate burden of proof in due process cases consider three factors: (1) the private interest at stake; (2) the "risk of an erroneous deprivation of such interest"; and (3) the Government's interests, including any potential "fiscal and administrative burdens." *Mathews v. Eldridge*, 424 U.S. 319, 321 (1976); *see generally Addington v. Texas,* 441 U.S. 418, 424-25 (1979) ("[T]his Court has used the 'clear, unequivocal and convincing' standard of proof to protect particularly important individual interests in various civil cases."). As this District has held, these factors weigh in favor of placing the burden on ICE to justify continued detention by clear and convincing evidence. *Pedro O.,* 543 F. Supp. 3d at 739-44 ("[B]ecause the civil detention authorized by § 1226(c) deprives an individual . . . of his substantial liberty interest, subjecting the government to a heightened burden of proof

7

strikes an appropriate balance between that interest and the government's interest in protecting the community and efficacy of removal proceedings."); *Daciann D. B.*, 2023 WL 7489997, at *2.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT: Maria I.W.'s Petition for a Writ of Habeas Corpus [Dkt. No. 1] be GRANTED IN PART and DENIED IN PART as follows:

1.  No later than May 31, 2024, an Immigration Judge must hold a bond hearing and make an individualized determination regarding whether Maria I.W.'s continued detention is necessary to protect the community or prevent her from fleeing during the pendency of immigration proceedings.

2.  That the Immigration Judge place the burden of proof on ICE and only authorize continued detention if ICE meets its burden with clear and convincing evidence.

3.  That Maria I.W.'s request for immediate release be denied.

Dated: March 29, 2024                     ___s/David T. Schultz_____
                                          DAVID T. SCHULTZ
                                          U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).