UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Maria W.,[1] | File No. 24-cv-213 (ECT/DTS) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Merrick Garland, *U.S. Atty. Gen.*, Alejandro Mayorkas, *Sec'y of U.S. Dep't of Homeland Sec.*, Marcos Charles, *ICE Field Office Director*, | |
| Respondents. | |

---

Nicholas Ratkowski, Ratkowski Law PLLC, St. Paul, MN, for Petitioner Maria W.

Anna H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Merrick Garland, Alejandro Mayorkas, and Marcos Charles.

---

Petitioner Maria W., a citizen of Mexico, has been detained in the Kandiyohi County Jail since August 1, 2023.  See ECF No. 1 at 2.[2]  In January 2024, Maria petitioned for a writ of habeas corpus under 28 U.S.C. § 2241, seeking an individualized bond hearing to evaluate her prolonged pre-removal detention.  *Id.* at 8.  She later added a request for immediate release.  See ECF No. 6 at 18, n.4.  Magistrate Judge David T. Schultz issued a Report and Recommendation on March 29, 2024, recommending that the habeas petition be granted in part and denied in part.  ECF No. 8.  Specifically, Judge Schultz

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in immigration opinions.

[2] Page citations are to a document's CM/ECF pagination appearing in the upper right corner, not to a document's original pagination.

recommended granting Maria's request for a bond hearing with the burden of proof on the Government, and recommended denying Maria's request for immediate release. *See id.* at 8. Maria filed an "objection" to the Report and Recommendation, urging this Court to accept it in full, but objecting to the date by which Judge Schultz recommended holding a bond hearing. *See* ECF No. 9. Respondents filed a response to Maria's objection. *See* ECF No. 10. In it, they explain that after the Report and Recommendation was issued, the Board of Immigration Appeals ("BIA") affirmed Maria's removal and dismissed her appeal on April 2, 2024. *Id.* at 1; ECF No. 11-1. They argue her petition is moot.

Because Maria has objected, the Court must review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). The Court has undertaken that de novo review and agrees that Maria's habeas petition is now moot. As such, the Report and Recommendation will be rejected, Maria's objection will be overruled, and the petition will be denied.

Familiarity with the facts as detailed in the Report and Recommendation is presumed but will be summarized here. Maria is a citizen of Mexico and lawful permanent resident of the United States. ECF No. 5-3 at 1. In July 2022, Maria pleaded guilty to conspiring to transport illegal aliens in violation of 8 U.S.C. § 1324 and was sentenced to 10 months' imprisonment. ECF No. 5-2 at 1–2. In August 2023, after serving her 10-month sentence, Maria was released from the custody of the Bureau of Prisons to the custody of Immigration and Customs Enforcement and was detained at the Kandiyohi County Jail. ECF No. 1 at 2. On November 9, 2023, an Immigration Judge ordered Maria

removed to Mexico.  ECF No. 5-5.  She appealed the removal order to the BIA on November 13, 2023.  ECF No. 1 at 3; ECF No. 5-6.

When Maria filed her habeas petition in January 2024, she was as in mandatory pre-removal detention pursuant to 8 U.S.C. § 1226(c).  At the time the Report and Recommendation was entered, Maria had been in pre-removal detention for about eight months, from early August 2023 to late March 2024.  Maria argued her prolonged detention without an individualized bond hearing violated her Fifth Amendment due process rights and sought a bond hearing or immediate release from pre-removal custody.  *Id.* at 2, 8; ECF No. 6 at 18, n.4.  But Maria's pre-removal detention ended April 2, when the BIA affirmed removal and dismissed her appeal.

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."  8 U.S.C. § 1231(a)(1)(A).  The 90-day removal period begins on one of three dates: (1) the date the order of removal becomes administratively final, (2) the date of a court's final order staying the removal of an alien, or (3) the date the alien is release from detention of confinement.  8 U.S.C. 1231(a)(1)(B).  Maria's 90-day removal period began on April 2, 2024, when the order of removal became administratively final.  8 U.S.C. 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1(a) (explaining an order of removal becomes administratively final when the BIA dismisses an appeal).  During the removal period, the Attorney General "shall" detain the alien.  8 U.S.C. § 1231(a)(2).

Faced with facts much like these, Judge Brasel concluded that a petitioner was "not entitled to habeas relief" because "the petitioner is well within the presumptively reasonable period of detention following an administratively final order of removal."  *Alier*

3

*D. v. Sec'y of Dep't of Homeland Sec.*, No. 18-CV-1645 (NEB/HB), 2018 WL 5847244, at *3 (D. Minn. Nov. 8, 2018). The petitioner in *Alier D.* filed a habeas petition challenging his § 1226(c) detention. The magistrate judge issued a report and recommendation recommending granting a bond hearing and denying immediate release. *Id.* at *1. The government, in its objection, informed the court that the BIA had affirmed the removal order and dismissed appeal. *Id.* at *2. At that point, the petitioner's removal order became final. *Id.* at *3. The court found "[t]he shift of the government's authority to detain the petition from § 1226 to § 1231 renders moot his claim based on pre-removal detention." *Id.* at *2 (collecting cases). So too here. The government's authority to detain Maria has shifted from § 1226(c) to § 1231 because her removal order became final when the BIA dismissed her appeal on April 2. Her petition under § 1226 is therefore moot. Maria's 90-day removal period under § 1231 began just two weeks ago; Maria is "well within" the "presumptively reasonable period of detention," and is not entitled to habeas relief.

## ORDER

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. The Report and Recommendation [ECF No. 8] is **REJECTED AS MOOT**;

2. Petitioner Maria W.'s Objection to the Report and Recommendation [ECF No. 9] is **OVERRULED**;

4

3. Petitioner Maria W.'s Petition for a Writ of Habeas Corpus [ECF No. 1] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 18, 2024

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court